The Honorable Dave Bisbee State Senator 14068 Pyramid Drive Rogers, AR 72758-0116
Dear Senator Bisbee:
I am writing in response to your request for an opinion on the following question concerning the possible assessment of a development impact fee pursuant to A.C.A. § 14-56-103 (Supp. 2005), as amended byAct 310 of 2007[1]:
 Would the Bella Vista Property Owners' Association, by virtue of its extension of a utility service to the citizens of Bella Vista, constitute a "municipal service agency" for the purposes of assessing a development impact fee under Arkansas Code § 14-56-103?
As background for this question, you state that it is your understanding that the Bella Vista Property Owners' Association, a not-for-profit corporation, provides water services to the community of Bella Vista in Northwest Arkansas. The City of Bella Vista was incorporated in 2006, according to my understanding.
RESPONSE
Although the Bella Vista Property Owners' Association (POA) apparently performs certain functions that are associated with municipalities,[2]
I cannot *Page 2 
conclude based merely upon such activity that the POA is a "municipal service agency" as defined under A.C.A. § 14-56-103. Accordingly, the answer to your question is "no," in my opinion.
Subsection 14-56-103 authorizes a municipality (city of the first or second class or incorporated town, A.C.A. § 14-56-103(a)(4) (Supp. 2005)), or a "municipal service agency" to assess a "development impact fee" in order to generate revenue "to offset costs . . . that are reasonably attributable to providing necessary public facilities to new development." Id. at (b)[3] The term "municipal service agency" is defined as follows: *Page 3 
 (A) Any department, commission, utility, or agency of a municipality, including any municipally owned or controlled corporation;
 (B) Any municipal improvement district, consolidated public or municipal utility system improvement district, or municipally owned nonprofit corporation that owns or operates any utility service;
 (C) Any municipal water department, waterworks or joint waterworks, or a consolidated waterworks system operating under the Consolidated Waterworks Authorization Act, § 25-20-301 et seq.;
 (D) Any municipal wastewater utility or department;
 (E) Any municipal public facilities board; or
 (F) Any of these municipal entities operating with another similar entity under an interlocal agreement in accordance with § 25-20-101 et seq. or § 25-20-201 et seq.[.]
A.C.A. § 14-56-103(a)(5) (Supp. 2005).
This definition plainly only encompasses "municipal entities" as specified above, id. at (F), including "municipally owned or controlled corporation[s]." Id. at (A). See also id. at (B). I have no information to suggest that the POA meets any of the categories of municipal entities listed in this statutory definition. The extension of a utility service to city residents does not, in my opinion, render the POA a "municipal service agency" under this definition.
The answer to your question is therefore "no," in my opinion. The Bella Vista Property Owners' Association does not, by virtue of its extension of a utility service to the citizens of Bella Vista, constitute a "municipal service agency" for the purposes of assessing a development impact fee under A.C.A. § 14-56-103. *Page 4 
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The 2007 amendment does not bear on your question.
[2] The Arkansas Court of Appeals in Morris v. Medin, 43 Ark. App. 29,30, 858 S.W.2d 142 (1993), observed the following regarding the POA:
 The POA owns and operates recreational facilities consisting of golf courses, swimming pools, tennis courts, clubs and restaurants, among other facilities and common properties. The POA also provides water and sewer facilities, fire protection, emergency services, and police protection through the Benton County Sheriff's Office.
I do not know to what extent this observation accurately reflects the current relationship between the POA and the newly incorporated City of Bella Vista, as I have been provided no information in this regard. For purposes of this opinion, however, I assume that the POA remains an entity separate from the city, and that the "water services" you have referenced are provided by the POA in its separate capacity, through some contractual arrangement with the city.
[3] "Public facilities" are defined as "publicly owned facilities that are one (1) or more of the following systems or a portion of those systems:"
 (A) Water supply, treatment, and distribution for either domestic water or for suppression of fires;
 (B) Wastewater treatment and sanitary sewerage;
 (C) Storm water drainage;
 (D) Roads, streets, sidewalks, highways, and public transportation;
 (E) Library;
 (F) Parks, open space, and recreation areas;
 (G) Police or public safety;
 (H) Fire protection; and
 (I) Ambulance or emergency medical transportation and response. *Page 1